UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| LOKHA RIDA ABBASS, et al., ) | |
| ) | |
| Plaintiffs, ) | Case No. 1:13-cv-1186-LMB-JFA |
| ) | |
| v. ) | |
| ) | |
| CACI PREMIER TECHNOLOGY, INC., ) | |
| et ano., ) | |
| ) | |
| Defendants. ) | |

DEFENDANTS' MEMORANDUM IN
SUPPORT OF THEIR MOTION TO LIFT STAY

**I.   INTRODUCTION**

The statue on the front of federal courthouse in Alexandria is emblazoned with the inscription, "Just Delayed, Justice Denied." This motion asks the Court to implement that dictum. More than ten years ago, the Court stayed this action, *sua sponte*, on the theory that legal rulings in *Al Shimari v. CACI Premier Technology, Inc.*, No. 1:08-cv-827 (E.D. Va.) (LMB/JFA), may dispose of this action as a matter of law. Dkt. #26 (November 5, 2013 Order). The Court's recent denial of CACI's Rule 50 motion in *Al Shimari* indicates the Court's view that *Al Shimari* will be resolved, at least at the trial level, on the facts, and that the Court believes that CACI's[1] legal arguments in *Al Shimari* will not be vindicated on appeal. Thus, there is no basis for the Court to conclude that events in *Al Shimari* will dispose of this case. Moreover, the Court's decision to press on with a retrial in *Al Shimari* rather than 28 U.S.C. § 1292(b)

---

[1] "CACI" refers to Defendant CACI Premier Technology, Inc. The "CACI Defendants" refers, collectively, to Defendants CACI Premier Technology, Inc. and CACI International Inc.

certification, as requested by CACI, also makes clear that the Court sees no efficiency in pausing trial court proceedings in favor of interlocutory legal rulings by the Fourth Circuit. Thus, the Court's denial of CACI's Rule 50 motion in *Al Shimari*, and with it the rejection of any legal defenses that could control the disposition of *Abbass*, eliminates any possible justification for a continued stay of this action. Indeed, recent Fourth Circuit precedent casts substantial doubt on the propriety of a stay of proceedings where the Court has not yet addressed challenges to the Court's subject matter jurisdiction. *See Sonda v. W. Virginia Oil & Gas Conservation Comm'n*, 92 F.4th 213, 220 (4th Cir. 2024).

Beyond the self-evident inefficiency of a continued stay of this action, the CACI Defendants are severely prejudiced by a continued stay of this action. In the time that this case has been stayed, at least two important CACI fact witnesses have passed away, and a third has become medically unable to provide live testimony at trial. Until discovery commences, CACI has no way to identify any CACI and/or military interrogators who actually interrogated the *Abbass* Plaintiffs and, consequently, has no way to preserve their testimony with respect to their interactions with Plaintiffs. And as the recent *Al Shimari* trial demonstrated, the passage of time has dulled memories, and those memories are not going to be better years down the road. For all of these reasons, the Court should lift they stay of this action, address renewed dispositive motions, and then commence discovery to the extent the case survives such motions.

II.     **BACKGROUND**

Plaintiffs filed suit on September 20, 2013. Dkt. #1. At the time, *Al Shimari* was on appeal after the district court dismissed the plaintiffs' claims on extraterritoriality grounds. The CACI Defendants moved to dismiss *Abbass* for lack of subject matter jurisdiction and failure to state a claim on October 7, 2013. Dkt. #2. Rather than decide that motion, the Court *sua sponte*

2

stayed this litigation on the grounds that "resolution of [jurisdictional] issues by the Fourth Circuit [in *Al Shimari*] will most likely be dispositive of this action." Dkt. #26 (November 5, 2013 Order).[2] As it turned out, the Fourth Circuit's decision did not dispose of the *Abbass* action. *See Al Shimari v. CACI Premier Tech., Inc.*, 758 F.3d 516 (4th Cir. 2014).

Moreover, in the succeeding decade, the Court has made clear that, in its view, there are *no* legal issues being litigated in *Al Shimari* that are even dispositive of *Al Shimari*, much less dispositive of this case. The Court's rulings in this regard culminated in its rejection of every one of the legal arguments made by CACI in its Rule 50 motion in *Al Shimari*, with the Court concluding that *Al Shimari* will be decided on its facts at a retrial. In denying, CACI's Rule 50 motion, the Court explained that "the borrowed servant issue was a key issue in this case" and "problematic for the jury." *See* 6/14/24 H'ring Tr. at 4:6-8, *Al Shimari*, No. 1:08-cv-827. The Court determined, however, that the evidence "cuts both ways," precluding any disposition of *Al Shimari* as a matter of law. Dkt. #1655, *Al Shimari*, No. 1:08-cv-827; *see also id.* at 5:4-13 (determining state secrets privilege impacted both parties). Indeed, in rejecting CACI's request that the Court certify its Rule 50 order for interlocutory appeal, the Court necessarily concluded that judicial economy and efficiency were ***not*** served by pausing trial proceedings in order to obtain appellate rulings on legal challenges to subject matter jurisdiction. These rulings in *Al Shimari* remove any potential justification for a continued stay of *Abbass*.

---

[2] In staying this action in 2013, the Court also observed that *Abbass* involved "the same issues and defendants" as *Al Shimari*. That is no longer the case. In *Al Shimari*, the district court dismissed CACI International Inc, which remains a party in this case, and dismissed the *Al Shimari* plaintiffs' claims of direct abuse, claims that remain in this action. The *Al Shimari* plaintiffs also abandoned their war crimes claims during the first trial in that action, while the *Abbass* Plaintiffs continue to assert such claims.

3

### III.  LEGAL STANDARD

Once its jurisdiction has been invoked, a federal court has a "virtually unflagging obligation" to "exercise that jurisdiction and address the matter before it." *Sonda*, 92 F.4th at 219 (quoting *Deakins v. Monaghan*, 484 U.S. 193, 203 (1988) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976))). The Supreme Court and the Fourth Circuit have "repeatedly instructed that this is the federal court's 'strict duty.'" *Id.* (quoting *Martin v. Stewart*, 499 F.3d 360, 363 (4th Cir. 2007) (internal quotation omitted)). Federal courts have "no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Id.* (quoting *Cohens v. Virginia*, 19 U.S. 264, 404 (1821) (Marshall, C.J.)).

Moreover, even where courts have discretion to stay proceedings, that discretion is not unlimited. "[A] stay may not be 'immoderate in extent' nor 'oppressive in its consequences' and is 'immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible to prevision and description.'" *Muhammad v. Warden, Baltimore City Jail*, 849 F.2d 107, 113 (4th Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 256-57 (1936)). For example, it has long been held an abuse of discretion to grant "a stay of indefinite duration in the absence of a pressing need." *Landis*, 299 U.S. at 255.

To determine the propriety of a stay, the district court must "weigh competing interests and maintain an even balance." *Sehler v. Prospect Mortg., LLC*, No. 1:13-cv-473, 2013 WL 5184216, at *2 (E.D. Va. Sept. 16, 2013) (quotation omitted). Three factors are relevant: "'(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and,] (3) potential prejudice to the non-moving party.'" *See Simpson v. LLAB Trucking, Inc.*, No. 121-CV-00333, 2022 WL 2614876, at *1 (E.D. Va. Jan. 26, 2022) (quoting *Buzzell v.*

4

*JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *2 (E.D. Va. Sept. 9, 2015)). The Court should consider length of the stay to determine the potential prejudice to the opposing party. *Id.* (citing *Holloway v. City of Va. Beach*, No. 2:18-cv-69, 2021 WL 3037410, at *10 (E.D. Va. July 19, 2021); *U.S. ex rel. Precision Air Conditioning of Brevard, Inc. v. Cincinnati Ins. Co.*, No. 4:20-cv-190, 2021 WL 1396281, at *5 (E.D. Va. Apr. 13, 2021)).

IV.   **ARGUMENT**

    A.   **Judicial Economy**

"The determination by a district judge in granting or denying a motion to stay proceedings calls for an exercise of judgment to balance the various factors relevant to the expeditious and comprehensive disposition of the causes of action on the court's docket." *United States v. Ga. Pac. Corp.*, 562 F.2d 294, 296 (4th Cir. 1977) (citing *Landis*, 299 U.S. at 254). The Court's Rule 50 decision in *Al Shimari* is incompatible with any ruling that judicial economy favors a continued stay of *Abbass*. By denying CACI's Rule 50 motion in *Al Shimari*, the Court made clear its view that there are **no dispositive legal issues** and that *Al Shimari* will have to be resolved on its facts at a retrial. The only reasonable inference from that ruling is that the Court believes that its legal rulings are correct, and would be affirmed on appeal. Thus, a continued stay of *Abbass* to await further trial and appellate proceedings in *Al Shimari* **that this Court does not believe will be dispositive in <u>Abbass</u>** would be the picture of judicial inefficiency. A continued stay would only kick down the road by several years the litigation of a case for which this Court is of the view that there are no jurisdictional or legal defenses.

    B.   **Lifting the Stay Will Cause No Hardship to Plaintiffs**

Plaintiffs chose to file suit in this Court. Requiring them to fulfill the obligations that every other litigant in this Court must satisfy is not a "hardship." Indeed, Plaintiffs' interests are

5

served by commencing litigation.  *See* Dkt. #44 at 2 (at least two Plaintiffs have died during the pendency of this stay).  Plaintiffs' main concern is that they may be required to substantiate their claims through depositions and that such efforts could be for naught if a later appellate or Supreme Court decision in *Al Shimari* decides a dispositive legal issue against them.  *Id.* at 3.  But this Court's Rule 50 decision in *Al Shimari* disposes of that supposed "hardship," as the Court has concluded that there are no jurisdictional or legal defenses in *Al Shimari* would decide either that case or *Abbass*.

Moreover, even extreme hardship by Plaintiffs, which does not exist here, would not justify continuing a stay of this case in its current posture.  As the Fourth Circuit recently explained in *Sonda*, 92 F.4th at 220 a district court should not stay a case before determining that it has subject matter jurisdiction.  *Id.* (criticizing the district court for failing to address the standing issue argued by the parties prior to issuing a stay, stating "it should have done so in the first instance because standing goes to the jurisdiction of the court, and resolving the court's power is a prerequisite to any other ruling) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, (1998); *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337-38 (2016)).  Thus, deciding jurisdictional challenges now appears obligatory under recent Fourth Circuit precedent, and the Court's recent rejection of CACI's Rule 50 motion in *Al Shimari* counsels in favor of beginning the long and difficult process of navigating the state secrets privilege and obtaining the discovery necessary to the resolution of this case.

C. **Continuing the Stay Would Further Prejudice the CACI Defendants**

Continuing the stay in this case until all appeals are exhausted in *Al Shimari* – *i.e.*, for an indeterminate amount of time – would cause the CACI Defendants significant prejudice.  It is twenty years after the events in question occurred.  Witnesses who were present at Abu Ghraib

or who worked for CACI when it provided interrogators to the U.S. Army have died or become otherwise unavailable through illness.[3] Memories are fading across the board.

In the face of this deteriorating evidence, the CACI Defendants have no way of determining whether any of its interrogators were assigned to any of the dozens of plaintiffs in this action and, even if they did, would have no way identifying those interrogators. As such, the CACI Defendants have no ability to try to preserve testimony from those interrogators in order to defend itself. The CACI Defendants also have no way of anticipating whether new factual issues may arise in this litigation against which it will have to mount a defense. There is no countervailing efficiency that would justify the prejudice CACI would suffer from a continued stay during which witnesses' availability and memories of relevant events would continue to fade away.

## V.     CONCLUSION

For the foregoing reasons, the Court issue an order lifting the stay and grant CACI Defendants twenty-one days to file renewed motions to dismiss.

---

[3] These include CACI Premier Technology, Inc.'s President during the relevant time period as well as CACI International Inc's President and Chairman of the Board during the relevant time period. The Program Manager who interacted with CACI interrogators is deceased. And, as the Court knows from the first *Al Shimari* trial, a key CACI executive can no longer provide live testimony because of medical issues.

Respectfully submitted,

*/s/   John F. O'Connor*
John F. O'Connor
Virginia Bar No. 93004
STEPTOE LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000 – telephone
(202) 429-3902 – facsimile
joconnor@steptoe.com

**Counsel for Defendants**

8

## CERTIFICATE OF SERVICE

      I hereby certify that on the 20th day of June, 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following counsel:

                                      Joseph Musso, Esq.
                                      The Musso Law Firm
                                      43845 Tattinger Terrace
                                      Ashburn, VA 20148
                                      703-982-6755
                                      joe@mussolawfirm.com


                                      */s/  John F. O'Connor*
                                      John F. O'Connor
                                      Virginia Bar No. 93004
                                      STEPTOE LLP
                                      1330 Connecticut Avenue, N.W.
                                      Washington, D.C. 20036
                                      (202) 429-3000 – telephone
                                      (202) 429-3902 – facsimile
                                      joconnor@steptoe.com